UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br>**CATHEE EILEEN MASSEY,** | CASE NO.: 23-00156-JMC-7 |
| Debtor. | Chapter 7 |
| **CATHEE EILEEN MASSEY**<br>Plaintiff | |
| vs. | |
| **UNITED STATES DEPARTMENT OF EDUCATION** | ADV. PRO. CASE NO.: |
| Defendant. | |

**DEBTOR *CATHEE EILEEN MASSEY* COMPLAINT TO DETERMINE FEDERAL STUDENT LOANS DISCHARGEABLE FOR "UNDUE HARDSHIP" UNDER 11 U.S.C. § 523(a)(8)**

**Nature of Action**

1. This is an adversary proceeding by which the Debtor/Plaintiff, Cathee Eileen Massey (hereinafter "Massey") seeks a declaration that Federal student loans constitute an undue hardship for Massey and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

**Jurisdiction and Venue**

2. On January 17, 2023, Massey filed a Voluntary Petition in the United States Bankruptcy Court for Southern District Indiana, Indianapolis Division for relief under 11 U.S.C. § 727, Chapter 7 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

## Parties

6. Massey is the Debtor and Plaintiff in the above captioned case. She is the recipient of a Federal student loan.
7. Defendant, United States Department of Education (hereinafter "DOE"), is a federal agency that oversees and originates Federal student loans. It is the originator and holder of the loan at issue.

## Factual Allegations

8. Cathee Eileen Massey is a resident of Indianapolis, Indiana. She is 64-years-old and lives alone.
9. There is one (1) direct consolidated federal loan in a principal balance of $55,002.00, plus interest of $2,381.00, totaling $57,383.00. It is currently in forbearance
10. If this loan were not in forbearance, the standard payment collectively would be $696.21 per month.
11. Massey is unable to afford the standard payment as her expenses exceed her income. Massey's household income consists solely of her net income of $3,291.40.
12. Massey did not attend college. The loan at issue was taken as a Parent-Plus loan to pay for her son's college education.
13. Massey was not able to make payments on this loans because when the loan entered repayment, her ability to afford the basic necessities of life exceeded her monthly income.
14. Massey did take several forbearances and/or deferments during the loan life for fear of the loan growing to astronomical balance due to capitalizing interest. She later consolidated.

15. Massey enrolled in an Income Driven Repayment Plan and consolidated her loans in an attempt to have only one loan payments, however it resulted in a monthly payment that is not affordable.

16. Massey filed bankruptcy to free herself of financial burden to enable her to maintain a basic sense of living.

17. Massey has maximized her income while reducing her expenses.  Massey's basic monthly living expenses are at least $3,288.00.  Massey works a second job just to make ends meet. Additionally, Massey has made changes in her lifestyle to lower utilities, food and other miscellaneous expenses.

18. Massey's current employment is not likely to increase in income to the point that these loans will be affordable.

19. Massey is working a part-time job to supplement her income just to pay her basic living expenses.

**Claims for Relief**

*Declaration that Any Federal Student Loan Obligations Should be*

*Discharged Pursuant to Section 523(a)(8)*

20. Massey repeats and realleges the allegations contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. The repayment of the Federal student loan made by Massey would be an undue hardship to her.  She is unable to obtain any reasonable credit so long as these debts remain on her credit.

22. Congress intended student loan debts to be dischargeable when not doing so would serve to frustrate the "fresh start" of the Bankruptcy Discharge.  As such, Massey's Federal student loan obligation should be discharged pursuant to Bankruptcy code section 523(a)(8).

23. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

24. Debtor, Cathee Eileen Massey, by counsel hereby gives notice that she consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

WHEREFORE, the Debtor, Cathee Eileen Massey, respectfully requests this Court to enter an order finding that excepting her student loan from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loan to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper

Dated at Indianapolis, Indiana, this 28th day of June, 2023

Respectfully Submitted,

*/s/ Cathee Eileen Massey*
Cathee Eileen Massey
*Debtor/Plaintiff*

By her attorney,

*/s/ Eric C. Redman*
Eric C. Redman
*Attorney for Debtor/Plaintiff*

REDMAN LUDWIG, PC
8777 Purdue Road, Suite 106
Indianapolis, IN 46268
P#: (317) 685-2426
F#: (317) 636-8686
EM: eredman@redmanludwig.com